UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

            Plaintiff,        Case No. 21-cr-20308

v.                                 Judith E. Levy
                                 United States District Judge

James Jackson,

                                 Mag. Judge Anthony P. Patti

            Defendant.

_____/

## ORDER DENYING MOTION FOR JUDICIAL RECOMMENDATION FOR HOME CONFINEMENT [57]

On August 12, 2021, Defendant James Jackson pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), 846. (*See* ECF No. 22.) On December 16, 2021, the Court sentenced Defendant to 47 months' incarceration and five years on supervised release.[1] (ECF No. 42.) Before the Court is Defendant's motion for judicial recommendation for home confinement. (ECF No. 57.) The motion is denied.

---

[1] Defendant's guideline imprisonment range was 135 months to 168 months. (ECF No. 29, PageID.83.)

In determining whether placement on home confinement or other prerelease custody is appropriate, the Bureau of Prisons ("BOP") conducts an individualized assessment based on the five factors set out in § 3621(b). 28 C.F.R. § 570.22; *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009). One of those factors is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). However, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect" on BOP. 18 U.S.C. § 3621(b); *see also Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program. But decision[-]making authority rests with the BOP." (emphasis and internal citation omitted)).

In his motion, Defendant asserts that he is at an increased risk for severe complications from COVID-19 because he is moderately obese and has diabetes, high blood pressure, and "respiratory issues."[2] (ECF No. 57,

---

[2] Defendant cites to statistics from "[t]his month" that he asserts show "an uptick in positive COVID-19 numbers at FCI Hazelton." (ECF No. 57, PageID.279.) However, the cited Bureau of Prisons website does not provide a date range for these

2

PageID.278–279, 282–283.) He also indicates that he is currently housed in a satellite prison camp, participates in a work detail as a commercial driver, does not have a violent history, and will live with his wife if on home confinement. (*Id.* at PageID.279, 282–283.) Defendant further states that his commercial driver's license ("CDL") is set to expire in January 2024 and that renewing his CDL after expiration involves a "lengthy and costly reapplication process." (*Id.* at PageID.279, 282.)

As an initial matter, Defendant is not yet eligible for home confinement. The BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. 116-136 § 12002(b)(2), 134 Stat 281, 516 (2020), the Director of the BOP was authorized to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" during the "covered emergency period." However, the Director's authority to expand home confinement under the CARES Act expired on May 10, 2023. *See* Pub. L. 118-3,

---

statistics, nor is it clear when they were last updated. *See BOP COVID-19 Statistics*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed October 10, 2023).

3

137 Stat 6; CARES Act §§ 12002(a)(2), (b)(2). As such, Defendant is only eligible for home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Because Defendant currently has "approximately one year left of his sentence" (ECF No. 57, PageID.278), he is not currently eligible for home confinement.

The Court also concludes that a judicial recommendation for home confinement is not warranted. With respect to the increased risk of severe illness from COVID-19, Defendant does not indicate whether he has received a COVID-19 vaccination. Defendant likewise does not explain his "respiratory issues" or identify any treatment he is currently receiving for this condition or his high blood pressure. Additionally, Defendant fails to provide sufficient detail regarding his adjustment to incarceration (such as his disciplinary record or his participation in any programming). While the Court recognizes the additional burden posed on Defendant if his CDL expires, this additional time and expense does not provide a basis for a judicial recommendation. Accordingly, the Court lacks sufficient information to support a judicial recommendation for

home confinement and defers to the assessment of the BOP at the appropriate time. *See* 18 U.S.C. § 3621(b); 28 C.F.R. § 570.22.

For the reasons set forth above, the Court DENIES Defendant's motion for judicial recommendation for home confinement. (ECF No. 57.)

IT IS SO ORDERED.

Dated: October 10, 2023　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 10, 2023.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager